IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Douglas Thompson, | ) C/A No. 0:12-2220-CMC-PJG |
| Plaintiff, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| Turbeville Correctional Institution, *SCDC*; Captain Kelley; Lt. Harriet; Inmate James Pilgrim, | ) |
| Defendants. | ) |

Douglas Thompson ("Plaintiff"), a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at Turbeville Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff alleges that his constitutional rights were violated by the defendants' deliberate indifference to his safety when they failed to protect him from an inmate attack. The Complaint seeks monetary damages against a prison facility, two SCDC employees, and an inmate. Having reviewed the Complaint in accordance with applicable law, the court concludes that Defendant Turbeville Correctional Institution and Defendant James Pilgrim should be dismissed from this action because Plaintiff failed to state a claim on which relief may be granted as to these defendants.

**INITIAL REVIEW GENERALLY**

Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity." Additionally, the Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990);

Page 2 of 7

PJG

see also Ashcroft v. Iqbal, 556 U.S. at 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**DISCUSSION**

This Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979)). A civil action under Section 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under Section 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

The Complaint names the Turbeville Correctional Institution as a defendant. A claim for relief under Section 1983, must allege that the plaintiff was injured by a "person" acting "under color of state law." See 42 U.S.C. § 1983. Defendant Turbeville Correctional

Institution is not a "person" for purposes of liability under Section 1983. It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." Several courts have held that inanimate objects such as buildings, facilities, and grounds are not "persons" and do not act under color of state law. See Preval v. Reno, 57 F.Supp.2d 307, 310 (E.D.Va.1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."), and Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C.1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). The Turbeville Correctional Institution, where Plaintiff is incarcerated, consists of buildings and grounds and is therefore not a person subject to suit in a Section 1983 action. The Complaint fails to state a claim on which relief may be granted against Defendant Turbeville Correctional Institution, so this defendant should be dismissed as a party to this action.

In as much as the Complaint could be construed as suing SCDC, the state agency has Eleventh Amendment immunity from suit in this court. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. art. XI. Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials acting in their official capacities, and other "arms of the State," such as SCDC. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989) (A State and "arms of the State" are not "persons" for purposes of Section 1983); see also Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the

PJG

reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). A State may waive immunity by expressly consenting to suit in a federal district court, Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984), but South Carolina has specifically denied waiver of sovereign immunity. See S.C. Code Ann. § 15-78-20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state). Even if Plaintiff intended to sue SCDC, any claim for monetary damages against SCDC fails as a matter of law.

The Complaint also names as a defendant "Inmate James Pilgrim," the inmate who Plaintiff alleges attacked him by hitting him in the face and eye with a lock. To allege action under color of state law and "implicate 42 U.S.C. § 1983, conduct must be 'fairly attributable to the State.' " Debauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999). The person being sued under Section 1983 "must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." Id. The instant Complaint alleges private action by an individual—a fellow inmate. "The Supreme Court has held that private activity will generally not be deemed 'state action.' " Id. (citation omitted). The allegations of the Complaint fail to establish Defendant James Pilgrim acted under color of state law, and therefore he is not liable for damages under § 1983. The Complaint fails to state a claim on which relief may be granted against Inmate James Pilgrim.

Page 5 of 7

PJG

**RECOMMENDATION**

Accordingly, the court recommends that Defendant "Turbeville Correctional Institution, SCDC" and Defendant "Inmate James Pilgrim" be summarily dismissed, without prejudice, as party defendants in this case.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 19, 2012
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).