IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Douglas Thompson,              ) | C/A NO. 0:12-2220-CMC-PJG |
|                                ) | |
| Plaintiff,                     ) | |
|                                ) | **OPINION and ORDER** |
| v.                             ) | |
|                                ) | |
| Captain Kelley; Lt. Harriet,   ) | |
|                                ) | |
| Defendants.                    ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On July 10, 2013, the Magistrate Judge issued a Report recommending that Plaintiff's motion for summary judgment be denied, Defendants' motion for summary judgment be granted and this matter dismissed due to Plaintiff's failure to exhaust administrative remedies. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on August 5, 2013.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the Report. Accordingly, the court adopts the Report in its entirety.

Plaintiff contends, in conclusory fashion, that Defendants have violated his constitutional rights, and that 28 U.S.C. § 1997e(a) does not require that he exhaust administrative remedies prior to filing suit because " 'prison conditions' [ ] does not apply nor mention suiting about any inmates [sic] 'prison life' dealing with tortious treatment of state officers against inmates . . . ." Obj. at 3 (ECF No. 77). However, Plaintiff is mistaken in his belief, as the statutory requirement clearly applies to lawsuits such as Plaintiff's suit against these Defendants.

Plaintiff's motion for summary judgment is **denied**. Defendants' motion for summary judgment is **granted** and this matter is dismissed without prejudice for failure to exhaust administrative remedies. *See Bryant v. Rich*, 530 F.3d 1368, 1375 n.11 (11th Cir. 2008) (noting that district court's dismissal without prejudice on summary judgment motion proper where "neither party has evidenced that administrative remedies at [the correctional facility] are absolutely time barred or otherwise clearly infeasible.").

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 7, 2013

2